UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CASSIE CHOWANIEC,

    Plaintiff,

    v.

E-Z LOAN AUSTO SALCES, INC. and
BUFFALO AUTO ACCEPTANCE CORP.,

    Defendants.

16-cv-360-LJV-HBS
Decision and Order

---

On May 6, 2016, the plaintiff, Cassie Chowaniec, commenced this action under 15 U.S.C. § 1601. Docket Item 1. On October 19, 2016, the defendants served an offer of judgment for $2,001.00 plus attorney's fees and costs. Docket Item 15-1. The plaintiff accepted the offer on October 28, 2016, Docket Item 15, and the Court therefore entered judgment in the plaintiff's favor on November 3, 2016. Docket Item 16.

On November 16, 2016, the plaintiff moved for attorney's fees. Docket Item 17. The defendants responded on November 30, 2016, Docket Item 20, and the plaintiff replied on December 7, 2016, Docket Item 22. The plaintiff's final request for attorney's fees totaled $8,824.50. *Id.* The defendants contend that the plaintiff is entitled to only $2,640.00 in attorney's fees. Docket Item 20. The plaintiff also filed a bill of costs reflecting the $400.00 filing fee. Docket Item 18. On January 12, 2017, the Clerk of Court issued an order taxing these $400 in costs. Docket Item 23. For the reasons stated below, the Court hereby awards the plaintiff attorney's fees and costs in the total amount of $5,235, jointly and severally against both defendants.

The Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, entitles a successful plaintiff to an award of attorney's fees and costs. The TILA provides:

> [A]ny creditor who fails to comply with any requirement imposed under this part, . . . with respect to any person is liable to such person in an amount equal to the sum of—
>
> \* \* \*
>
> (3) in the case of any successful action to enforce the foregoing liability . . . the costs of the action, together with a reasonable attorney's fee as determined by the court. . .

15 U.S.C. § 1640(a)(3).

The defendant's offer of judgment under Fed.R.Civ.P. 68 left the issue of costs and attorney's fees for the Court to determine. Docket Item 15. So it is up to the Court to determine appropriate attorney's fees under the TILA.

Courts determine a "presumptively reasonable fee" by calculating the product of a reasonable hourly rate and the reasonable number of hours required by the case. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany & Albany Cty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008). In determining the fee amount, "the district court should consider, among others, the Johnson factors," *id.* at 190, which include "the time and labor required; . . . the skill requisite to perform the legal service properly; . . . whether the fee is fixed or contingent; . . . the amount involved and the results obtained; [and] the experience, reputation, and ability of the attorneys." *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). The court also should consider "that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively; . . . [and] that an individual might be able to negotiate with his or her attorneys, using their desire to obtain [] reputational benefits. . . ." *Arbor Hill*, 522 F.3d at 190.

The defendants object to the plaintiff's calculation as unreasonable both as to hourly rate, Docket Item 20 at 5, and as to the reasonable number of hours required, *id.* at 8. For the reasons that follow, both arguments have some merit.

I.  **REASONABLE HOURLY RATE**

The presumptively reasonable rate for attorney's services varies by location. Reasonable rates for the purpose of attorney fee awards must be "in line with those prevailing *in the community* for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stevenson*, 465 U.S. 866, 895 n.11 (1984) (emphasis added). "Courts should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Simmons v. New York City Transit Authority*, 575 F.3d 170, 174 (2d Cir. 2009) (*quoting Arbor Hill*, 493 F.3d at 120). Hourly rates used in the district where the case is litigated are presumed to be reasonable. *Id.* at 177; *see also Barsness v. Takhar Group Collection Services, Ltd.*, 2016 WL 1177979, at *2 (W.D.N.Y. Mar. 24, 2016). "[T]he burden is on the fee applicant" to show that its requested rates are reasonable. *Blum*, 465 U.S. at 895 n.11.

Here, the plaintiff has not met her burden to show that the requested rates—$400.00 per hour for a partner with six or seven years' experience, $350.00 per hour for associates with similar experience, and $135.00 per hour for paralegals—are reasonable in the Western District of New York. The plaintiff points to a "dearth of case law on the reasonable rate for attorney's fees in the Western District of New York in TILA claims" to justify referencing TILA cases from around the country to set rates. Docket Item 17 at 13. But that dearth of case law does not redefine the relevant legal

community for fee awards as national, not local. The relevant legal community remains the local one in which this Court sits. *See Simmons*, 575 F.3d at 174.[1]

The defendants' brief collects cases in which courts in this district have found that hourly rates ranging from $175–300 for attorneys and $50–75 for paralegals in similar cases were reasonable. *See e.g.*, *Kozik v. Takhar Grp. Collection Servs., Ltd.*, 2016 WL 1177981 (W.D.N.Y. Mar. 28, 2016); Docket Item 20 at 6. In this Court's experience, that range is about accurate—at least with respect to attorneys with experience equal to or less than the experience of the plaintiff's attorneys here.

The plaintiff claims these are distinguishable as civil rights cases or claims under the Fair Debt Collection Practices Act ("FDCPA"), not TILA cases. Docket Item 22 at 3. That distinction is inapposite for two reasons. First, FDCPA and TILA deal with fairly similar subject matter, and plaintiffs often plead violations of each statute together. Second, the plaintiff herself relies on cases either involving violations of both FDCPA and TILA or in which the court used FDCPA precedent to set rates in a TILA case. *See* Docket item 17 at 13; Docket Item 22 at 5; *see also, e.g., Franco v. Better Way Wholesale Autos, Inc.*, 2016 WL 3064051, at *2 (D. Conn. May 31, 2016) (citing rate in

---

[1] A district court may use an out-of-district hourly rate to calculate the presumptively reasonable fee "if it is clear that a reasonable paying client would have paid those higher rates." *Arbor Hill*, 522 F.3d at 191. Here, Chowaniec has not shown that a reasonable client would have done so. First, the plaintiff's statutory damages are capped at $2,000. *See* 15 U.S.C. § 1640(a)(2)(A)(i). No reasonable plaintiff would pay counsel a rate that would result in attorney's fees more than four times her damage award, which is what the plaintiff requests here. Second, the Court is confident that rather than paying the higher, national rate requested, a reasonable plaintiff in the Western District of New York would find competent counsel willing to handle her claim for far less.

FDCPA case to show the same rate in TILA case before the court was reasonable); *Judy Hicks v. GTC Auto Sales, Inc.* No. 4:16-cv-00011-O, (N.D. Tex. June 9, 2016) (citing both an FDCPA case and a case brought under both TILA and FDCPA to establish reasonable rates in a TILA case); *Purdie v. Ace Cash Express, Inc.*, No. CIV.A. 301CV1754L, 2003 WL 22976611, at *9 (N.D. Tex. Dec. 11, 2003) (referring to several statutory claims, including TILA and FDCPA, together as "cases of this nature" when discussing attorney's fees).

The plaintiff suggests that the rarity and complexity of TILA claims justify higher rates, but the plaintiff cites no authority to support this claim. And even if the plaintiff were correct that TILA cases are more complex, the complexity and rarity of a case cannot justify fees so far outside the common range in the Western District of New York when there is no suggestion that the client would pay a specialist's out-of-district rate. *See Arbor Hill*, 522 F.3d at 191. "Just as is the case with Fair Debt Collection Practice Act claims, in order to encourage able counsel to undertake TILA cases, as Congress intended, it is necessary that counsel be awarded *fees commensurate with those which they could obtain by taking other types of cases*." *Jones v. Ameriquest Mortg. Co.*, 2009 WL 631617, at *4 (N.D. Ill. Mar. 10, 2009) (emphasis added). Contrary to the plaintiff's suggestion, taking a complex TILA case should not result in a windfall—that is, paying attorneys higher rates than they could charge by taking other cases in this district.

The defendants have supplied good evidence that reasonable hourly rates for attorney's fees in this district are lower than those that the plaintiff requests. The plaintiff has failed to rebut the presumption that the rates prevalent in the legal

5

community of the district in which the litigation takes place are reasonable. Accordingly, this Court will set rates commensurate with attorney's fees in this district. S*ee, e.g.*, *Franco*, 2016 WL 3064051. Using the appropriate standard, a reasonable rate for a partner with about six or seven years' experience is $300. A reasonable rate for an associate attorney with similar experience is $250. A reasonable rate for a paralegal is $75.

## II. REASONABLE NUMBER OF HOURS REQUIRED

In an application for fee awards, hours that are "excessive, redundant, or otherwise unnecessary" are to be excluded. *Kirsch v. Fleet Street, Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. at 437 n.12 (1983)). Recoverable expenses are those "which normally are charged separately to fee-paying clients and which are not incorporated as part of office overhead into the attorney's billing rates." *See Bridges v. Eastman Kodak Co.*, 1996 WL 47304 (S.D.N.Y. Feb 6, 1996), *aff'd*, 102 F.3d 56 (3d Cir. 1996) (quoting *American United for Separation of Church and State v. School District of Grand Rapids*, 717 F. Supp. 488, 503 (W.D. Mich. 1989)). Time spent on clerical tasks is not generally considered a compensable expenditure of time and instead is subsumed into an attorney's overhead expenses. *See id.* Time spent by an attorney doing non-attorney work is not billable at an attorney's rate, either. *See Granite Music Corp. v. Ctr. St. Smoke House, Inc.,* 786 F. Supp. 2d 716, 740 (W.D.N.Y. 2011).

The defendants argue that many of the plaintiff's billing entries are noncompensable because they bill for clerical tasks. Docket Item 20 at 8-10. In her

reply, the plaintiff withdrew all contested billing entries except six. Docket Item at 6-7. Those remaining entries are:

| Date | Timekeeper | Task | Time (hours) |
| --- | --- | --- | --- |
| 9/12/16 | Russel S. Thompson | Order: (RT) Diary scheduling order | .10 |
| 9/12/16 | Tremain Davis | Reviewed and diaried events pursuant to Scheduling Order | .60 |
| 7/27/16 | Russel S. Thompson | Order (RT) Diary Text Order Setting Scheduling Conference | .10 |
| 7/27/16 | Tremain Davis | Diaried events pursuant to Text order Setting Scheduling Conference | .30 |
| 3/11/16 | Russel S. Thompson | Review, revise, and approve welcome letter | . 20 |
| 10/21/16 | Jose F. Gill | Discovery: (JG) Plaintiff's Expert Disclosure due 12/23 – JG – Oct 21/16 0 9:53 AM – no need for expert | .1 |

With respect to the first four entries, the defendants are correct. Scheduling or entering an item into an office diary is the sort of clerical task that is not compensable. The fifth and sixth entries, on the other hand, are compensable. Mr. Thompson's drafting work in the fifth entry, and Mr. Gill's evaluation of the possible need for an expert witness, both require a "substantial understanding of the case" and thus are compensable at attorney rates. *Sulkowska v. City of New York*, 170 F. Supp. 2d 359, 369 (S.D.N.Y. 2001).

Finally, the time spent by the plaintiff's attorneys in establishing their fee is compensable as well and will be included in the number of hours used to calculate the

total fee award. *See Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) ("[T]ime reasonably spent by plaintiff's attorneys in establishing their fee would be compensable."), *aff'd on other grounds*, 448 U.S. 122 (1980).

In summary, the plaintiff's counsel is entitled to a fee award of $4,835. This amount is the product of a reasonable billing rate in the Western District of New York and the reasonable number of hours spent by the plaintiff on pursuing this action and establishing the fee.

| Attorney | Rate | Hours | Total |
|---|---|---|---|
| Russel S. Thompson | $300 | 5.2 | $1,560 |
| Zac Landis | $75 | 1.2 | $90 |
| Jose Gill | $250 | 9.6 | $2,400 |
| Joseph Panvini | $250 | 0.5 | $125 |
| Tremain Davis | $75 | 8.8 | $660 |
| | | **Total Attorney's Fees:** | **$4,835** |
| | | Costs: | $400 |
| | | **Total Award of Attorney's Fees and Costs:** | **$5,235** |

## CONCLUSION

Based on the foregoing, the plaintiff's motion for attorney's fees and costs is granted as modified by this order. It is therefore **ORDERED** that the plaintiff be awarded $5,235 in attorney's fees and costs.

SO ORDERED.

Dated: September 19, 2018
Buffalo, New York

                                        *s/ Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE